IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2137-FL

| | | |
|---|---|---|
| ANTHONY MAYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 10), which this court construes as a motion for summary judgment pursuant to Rule 56 because respondent attached documents to his motion which are outside of the scope of the pleadings. The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On September 20, 1985, the superior court for the District of Columbia sentenced petitioner to a twelve (12) year term of imprisonment for distribution of controlled substances. (Resp't's Mem. Ex. 1, p. 1.) Petitioner, most recently, was released on parole on October 30, 2008, with a sentence expiration date of September 3, 2011. (Id. Ex. 2.)

On June 13, 2011, the United States Parole Commission[1] ("the Commission") issued a warrant for petitioner's arrest based on petitioner's prior arrest for destruction of property and burglary. (Id. Ex. 3, p. 3.) On September 19, 2012, the Commission updated the information on the warrant to reflect that petitioner was convicted of the offenses and that the District of Columbia Superior Court sentenced petitioner to a term of thirty (30) months imprisonment along with a three year term of supervised release. (Id. Ex. 4.) The Commission lodged its warrant as a detainer while petitioner serves his District of Columbia Superior Court sentence. ((DE 1), Attach. p.1.)

On June 19, 2013, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution have been violated because he has not received a review of the parole violation warrant currently pending as a detainer. As relief, petitioner requests that the parole violation warrant be disposed of through the Commission's expedited review process.

On January 10, 2014, respondent filed a motion to dismiss, which this court construed as a motion for summary judgment, arguing that petitioner failed to state a claim upon which relief may be granted. The motion was fully briefed.

---

[1] Pursuant to the National Capital Revitalization Act of 1997 ("the Act"), Congress mandated that the federal Bureau of Prisons ("BOP") house D.C. Code Offenders. See Pub.L.No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at D.C. Code § 24-131(a)) The Act gives the United States Parole Commission exclusive jurisdiction over all District of Columbia felony prisoners. See Allen v. Cauley, No. 1:11-0337, 2013 WL 2458526, at *3 (S.D.W. Va. June 6, 2013).

**DISCUSSION**

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

1.   Revocation Hearing

Petitioner asserts that the Commission violated his due process rights because it failed to review the parole violation warrant currently pending as a detainer. In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court held that due process mandates that a parole revocation hearing take place within a reasonable time after a parolee is taken into custody. Id. 485-89. The Court, however, later held that the procedural protection of an immediate hearing is inapplicable where an inmate is in custody pursuant to a federal conviction, and has a detainer lodged against him for a later revocation hearing. Moody v. Daggett, 429 U.S. 78, 87-88 (1976). The Moody Court determined that a prompt hearing was unnecessary under these circumstances because: (1) the subsequent conviction establishes probable cause that a condition of release has

3

been violated; and (2) the detainer does not immediately deprive the inmate of liberty. Id. at 86, n.7; Posey v. Dewalt, 86 F. Supp.2d 565, 569 (E.D. Va. 1999) (explaining that a parolee has no right to a preliminary hearing when the parole violator warrant simply is lodged as a detainer), appeal dismissed, 215 F.3d 1320 (4th Cir. 2000).

Here, petitioner is in custody pursuant to a federal conviction. Petitioner's parole violator warrant was lodged as a detainer, and the warrant has not yet been executed. Because petitioner is in custody pursuant to a federal conviction, the prompt parole revocation hearing requirement set forth in Morrissey is inapplicable.

2. Record Review

The court now turns to petitioner's request for dispositional review of his detainer pursuant to 28 C.F.R. § 2.100(c). Section 2.100(c) provides:

> If the parolee is serving a new sentence of imprisonment that does not include eligibility for parole under the Commission's jurisdiction, the Commission shall review the detainer upon the request of the parolee. Following such review, the Commission may:
>
> (1) Withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody, or close the case if the expiration date has passed.
> (2) Order a dispositional revocation hearing to be conducted by a hearing examiner . . .
> (3) Let the detainer stand until the new sentence is completed . . . .

28 U.S.C. § 2.100(c).

The Commission conducted dispositional review of petitioner's detainer on January 10, 2014, and elected to let the detainer stand. (Resp't's Supp. (DE 13), Attach. 1.) Thus, petitioner has received the process to which he is due.

4

To the extent petitioner contends that the pending detainer is affecting his ability to participate in institutional programs, he fails to state a claim because petitioner has not demonstrated a constitutionally protected liberty interest in participating in such programs. See Moody, 429 U.S. 88 n.9; Gaddy v. Michael, 519 F.2d 669, 678 (4th Cir. 1975) (finding that former parolee's loss of prison privileges, opportunities to participate in programs, and gain time are not evidence of prejudice that would require invalidation of parole violation warrant). Thus, the court GRANTS respondent's motion to dismiss this claim.

3. Expedited Revocation Procedure

Petitioner requests that the parole violation warrant be disposed of through the Commission's expedited revocation process. The Commission's expedited revocation process allows a parolee to accept responsibility for his violations, waive his right to a revocation hearing, and consent to parole revocation on the record. See 28 C.F.R. § 2.66. However, the execution of the parole violation warrant is the event that triggers the need for a revocation hearing, and a petitioner is not eligible for an expedited revocation procedure until he completes the service of the intervening sentence. See Moody, 429 U.S. at 89. Because petitioner has not completed the service of his federal sentence, he is not entitled to a expedited revocation procedure at this time.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (DE 10) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 13th day of August, 2014.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge